In re ARCHWAY APARTMENTS, LTD., Debtor.

CONDOR ONE, Petitioner,

v.

ARCHWAY APARTMENTS, LTD., Respondent.

In re GREEN ACRES, LTD., Debtor.

CONDOR ONE, Petitioner,

v.

GREEN ACRES, LTD., Respondent.

Bankruptcy Nos. 96–08139, 96–08138.

United States Bankruptcy Court, M.D. Tennessee.

Feb. 14, 1997.

Craig V. Gabbert, Jr., Harwell, Howard, Hyne Gabbert & Manner, Nashville, TN, for Debtors.

David E. Lemke, Waller Lansden Dortch & Davis, Nashville, TN, for Condor One.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on Condor One's Motions for Relief from the Stay in both of the above styled cases pursuant to 11 U.S.C. § 362(d)(3).[1] A preliminary hearing was held on this matter, and the Court took the matter under advisement. For the reasons hereinafter stated, the Court grants Condor One's Motions for Relief from Stay in both cases by conditioning the stay upon a drop dead date for confirmation.

The following facts are not in dispute. The first debtor is the owners and operator of The Archway Apartments located in Dickson, Tennessee ("Project"). The Chapter 11 petition was voluntarily filed by the debtor on September 17, 1996. Condor One is the holder and owner of those certain loan documents which consist of a Deed of Trust Note ("Note") in the original principal amount of $2,321,800, Deed of Trust ("DOT"), Security Agreement, Amended Security Agreement, and related UCC–1 Financing Statements (collectively the "Security Agreement and Financing Statements"), and Provisional Workout Agreement ("PWA") (all of the above referred to as "Loan Documents"). Condor

---

1. Condor One also filed Motions for Relief from the Stay under sections 362(d)(1) and (d)(2). Those issues were passed to be heard at a final hearing.

One has a first priority, properly perfected Deed of Trust against the Project. In addition, Condor One holds a first-priority, properly perfected security interest in, and lien upon, all furniture, fixtures, and equipment owned by the debtor, all leases and subleases, and all income, rents, issues, profits, and the proceeds arising from and for the use of the Project, including the proceeds of the Leases ("Rents"). As of the petition date, the balance due under the Loan Documents was $2,589,035.43 including accrued interest and attorney fees.

The second debtor is the owner and operator of The Green Acres Apartments located in McMinnville, Tennessee. Condor One is the holder and owner of those certain loan documents which consist of a Deed of Trust Note ("Note") in the original principal amount of $1,390,000, Deed of Trust ("DOT"), Security Agreement, Amended Security Agreement, and related UCC–1 Financing Statements (collectively the "Security Agreement and Financing Statements"), and Provisional Workout Agreement ("PWA") (all of the above referred to as "Loan Documents"). Condor One has a first priority, properly perfected Deed of Trust against the Project. In addition, Condor One holds a first-priority, properly perfected security interest in, and lien upon, all furniture, fixtures, and equipment owned by the debtor, all leases and subleases, and all income, rents, issues, profits, and the proceeds arising from and for the use of the Project, including the proceeds of the Leases ("Rents"). As of the petition date, the balance due under the Loan Documents was $1,421,202.57 including accrued interest and attorney fees.

The Rents constitute cash collateral in both cases, and the parties entered into a cash collateral agreements on November 4, 1996 which were extended on January 2, 1997. The debtors are not making any payments post-petition to Condor One, and have not made any payments since July 1996. Debtors filed a Plans of Reorganization and accompanying Disclosure Statements on December 24, 1996.

These are single asset real estate cases pursuant to 11 U.S.C. § 101(51B) of the United States Bankruptcy Code. Based on the above, Condor One asserts that it is entitled to relief from the stay as a matter of law pursuant to 11 U.S.C. § 362(d)(3) in both cases. The sole issue under advisement is whether Condor One is entitled to relief from stay as a matter of law based on § 362(d)(3).

Section 362(d)(3) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

.    .    .    .    .

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90–day period)—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

(Clark, Boardman, Callaghan, 1996). This section was added as part of the 1994 amendments to the United States Bankruptcy Code. Its' purpose is to impose an expedited time frame for filing a plan in a single asset real estate case. *In re Kkemko*, 181 B.R. 47, 49 (Bankr.S.D.Ohio, 1995).[2] Congress was

---

2. Further impetus for enacting this shortened time frame for single asset cases can be found in Senate Report Number 168. "This amendment will ensure that the automatic stay provision is not abused, while giving the debtor an opportunity to create a workable plan of reorganiza-

"apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved." *In re LDN Corp*, 191 B.R. 320 (Bankr.E.D.Va. 1996).

The legislative history behind the enactment of this particular provision is meager, as is the case law interpreting the powers of the court under this statute.[3]  At least one court has directly addressed the issue of the court's power to grant relief from the stay under (d)(3).  In *In re LDN Corp*, 191 B.R. 320, (Bankr.E.D.Va.1996) the bankruptcy court found that "relief under § 362(d)(3) [is] mandatory where its provisions are not strictly complied with." *Id* at 327.  In that case the debtor filed its plan 2 months after the 90 day limit, and had failed to commence payments to the secured creditor.  Based on the debtor's failure to comply strictly with the mandate of section 362(d)(3), the court granted the secured creditor relief from the stay by terminating the stay. *See also In re CBJ Development, Inc.*, 202 B.R. 467 (9th Cir. BAP 1996) (discussing § 362(d)(3), but finding that the case was not a "single asset real estate" case); *In re Kkemko Inc.*, 181 B.R. 47 (Bankr.S.D.Ohio, 1995) (finding a marina was not a "single asset real estate case" and discussing Congress' intention in amending § 362); *In re Pensignorkay, Inc.*, 204 B.R. 676 (Bankr.E.D.Pa.,1997) (following *LDN Corp.* decision).

■ While Congress may have enacted § 362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3).  The language of the statute unambiguously states that the court **"shall grant relief** from the stay provided under subsection (a) of this section, such as **by terminating, annulling, modifying, or conditioning such stay"** if the debtor has failed to file a feasible plan within 90 days of the order for relief or has failed to commence monthly payments to the secured creditor "in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate."  In other words, granting relief does not necessarily mandate termination of the automatic stay.[4]

■ Therefore, unless and until Congress limits this discretionary power of the Court to terminate, annul, modify **or** condition the stay, the court is free to fashion the relief appropriate for the creditor's failure to meet § 362(d)(3)(A) or (B).  In this case, debtors' counsel admitted that it was simple, honest error that the plans were filed outside the 90 day period.  There was no attempt by the debtors to deliberately inhibit, delay or abuse the rights of Condor One by filing the Plans late.[5]  To the contrary, the debtors thought

tion." S.Rep. No. 168, 103 Cong., 1st Sess.1993. Collier's notes that the purpose of this provision is to:

address perceives abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully.

3 Collier on Bankruptcy, ¶ 362.07(5)(b) (15th ed. Revised, 1996).

**3.** H.R.Rep. 103–835, 103 Cong.2d Sess., p. 50, 1994 U.S.Code Cong. & Ad.News p. 3340, 3359, contains a brief description of the amendment of section 362:

This section will add a new definition to the Code for "single asset real estate," meaning real property that constitutes a single property of project (other than residential property with fewer than four units) which generates substantially all of the gross income of the debtor and has aggregate noncontingent, liquidated secured debts in an amount up to $2 million.

It amends the automatic stay provision of section 362 to provide special circumstances under which creditors of a single asset real estate debtor MAY have the stay lifted if the debtor has not filed a "feasible" reorganization plan within 90 days of filing, or has not commenced monthly payments to secured creditors. (emphasis added).

**4.** This holding is consistent with the court's holding in *In re LDN Corp.*, 191 B.R. 320 (Bankr. E.D.Va.1996) ("relief under § 362(d)(3) is mandatory where its provisions are not strictly complied with.").  This Court agrees that relief for the secured creditor is mandatory; however, relief does not necessarily require that the stay be lifted, only that the stay be modified, conditioned, annulled, or terminated.

**5.** Debtors' counsel submitted an affidavit that admitted that he had simply written down the wrong date for when the plans had to be filed. Debtors plans were filed approximately one week

they had complied with the requirements of § 362(d)(3). Further, the filing of the Plans were not precipitated by Condor One's Motions for Relief from Stay, but preceded it by a month.

The Court therefore, finds that it is compelled to grant Condor One relief pursuant to § 362(d)(3), but that relief shall be in the form of conditioning the stay upon a drop dead date for confirmation.[6] Both debtors have up to and including April 15, 1997 to obtain confirmation of a plan of reorganization. Failure to do so will result in termination of the stay without further action required on the part of the secured creditor or this Court pursuant to § 362(d)(3).

It is, THEREFORE, so ordered.

---

late, and no motion to extend the 90 day period was filed. Until Condor One's motions for relief from the stay were filed, the debtors believed that they had timely filed their plans and that they had complied with the 90 day requirement of § 362(d)(3)(A).

6. *See In re Kkemko, Inc,* 181 B.R. 47, 49 (Bankr. S.D.Ohio 1995) ("the consequence of not meeting [the § 362(d)(3)] requirement is that the automatic stay of § 362 *MAY* be lifted without further ado.") (emphasis added).