**In re PLANET 10, L.C., Debtor.**

**RIGGS BANK, N.A., Movant,**

v.

**PLANET 10, L.C., Respondent.**

**Bankruptcy No. 95–13055–T.
No. 97–2431.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 16, 1997.

As Amended Oct. 29, 1997.

Robert O. Tyler, Tyler, Bartl, Burke & Albert, P.L.C., Alexandria, VA, Chapter 7 Trustee.

Richard Sullivan, Hazel & Thomas, P.C., Alexandria, VA, for Riggs Bank, N.A.

W. Clarkson McDow, Jr., Office of U.S. Trustee, Alexandria, VA.

William A. Fogarty, Walsh Colucci Stackhouse Emrich & Lubeley, P.C., Arlington, VA, for Debtor.

Joel L. Dahnke, Cohen Gettings Dunham & Harrison, P.C., Arlington, VA, for A.H.E.P.A.

## AMENDED MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

A preliminary hearing was held on August 20, 1997, on Riggs Bank, N.A.'s motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) and the trustee's motion to dismiss Riggs' motion. For the reasons stated in this memorandum opinion, the court will condition the stay to remain in effect pending a status hearing on February 4, 1998. At that hearing, the court will hear evidence on the progress of the trustee's sale of estate property approved on July 30, 1997, and determine whether to continue the stay in effect. The trustee's motion to dismiss Riggs' motion will be denied.

## PROCEDURAL HISTORY

This is a single asset real estate case, having been converted from a Chapter 11 to a Chapter 7 case. The debtor, Planet 10, L.C., filed a voluntary Chapter 11 bankruptcy petition on July 12, 1995. Riggs Bank, N.A., a creditor holding a perfected first priority lien in the debtor's single asset, a three acre parcel of undeveloped real property, filed a motion for relief from the automat-ic stay pursuant to 11 U.S.C. § 362(d)(3). The court granted this motion from the bench on March 27, 1996, but later vacated the bench ruling and set a final hearing on the motion for May 22, 1996. On the morning of May 22, 1996, the court approved the debtor's plan of reorganization which called for Riggs to be paid all interest payment arrearages. Because of the earlier plan approval, Riggs withdrew its motion for relief. The court also denied the motion on June 17, 1996.

The debtor subsequently defaulted under the plan, and on January 22, 1997, the case was .converted to a Chapter 7 bankruptcy. Riggs states that this was on the eve of its ' filing a motion for relief from the automatic stay.

On July 11, 1997, the trustee in bankruptcy filed a motion to sell the three acre parcel free and clear of all liens.[1] Thirteen days later on July 24, 1997, Riggs filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3), and hearing on the motion was scheduled for August 20, 1997. At the July 30 hearing on the trustee's motion to sell, Riggs asked that the court delay ruling on the motion to sell until the August 20 hearing on its motion for relief. The trustee stated that he would prefer the court rule on the motion to sell and would accept the consequences of the ruling on Riggs' motion as they occurred after the August 20 hearing. On July 30, 1997, the court granted from the bench the trustee's motion to sell and signed an order to that effect on August 12, 1997.

## FINDINGS OF FACT

At hearing on August 20, 1997, the court considered Riggs' motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3).[2] This is a single asset real es-

---

**1.** The trustee's motion to sell provided that all liens would attach to the proceeds of the sale and that the sale proceeds would exceed the value of all liens on the property.

**2.** 11 U.S.C. 362(d) provides:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such . stay—
(3) with respect to a stay of an act against single asset real estate ... by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief ...

tate case pursuant to the definition in 11 U.S.C. § 101(51B). The Chapter 7 order for relief was entered on January 22, 1997, after the case was converted. Thus, more than 90 days have passed since the order for relief. Riggs has received no interest payments on the property since December 1996.

The trustee's present contract to sell the property contemplates a closing in the spring or summer of 1998, almost three years into the bankruptcy and one and a half years after the last interest payment to Riggs. The current approved site plan on the property will expire in April 1998.

The trustee's sale is in the best interest of all creditors and will result in a surplus to the estate.

## DISCUSSION AND CONCLUSIONS OF LAW

The principal issue presented here concerns the applicability of 11 U.S.C. § 362(d)(3) in a single asset real estate case under Chapter 7.

■ The legislative history behind § 362(d)(3) appears to assume that it will apply in Chapter 11 situations. "This amendment will ensure that the automatic stay provision is not abused, while giving the debtor an opportunity to create a *workable plan of reorganization.*" S.Rep. No. 168, 103d Cong., 1st Sess. (1993) (emphasis added); *accord NationsBank, N.A. v. LDN*

> (A) the debtor has filed a plan or reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate ... which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

3. Riggs cites *In re Pensignorkay, Inc.*, 204 B.R. 676 (Bankr.E.D.Pa.1997) as supportive of its argument that § 362(d)(3) applies in Chapter 7 cases. However, the facts in *Pensignorkay* are not on point with this case. In *Pensignorkay*, the bankruptcy court held that the debtor's Chapter 11 case should be dismissed under 11 U.S.C. § 1112(b) rather than converted to a Chapter 7 because it was unreasonable to expect that a plan could be confirmed, the debtor failed to attend the § 341 meeting of creditors, real estate taxes and mounting tax liens against the property were

*Corp. (In re LDN Corp.)*, 191 B.R. 320, 326 (Bankr.E.D.Va.1996); *Collier on Bankruptcy*, ¶ 362.07[5][b] n.81 (15th rev. ed.1997). In fact, the wording of § 362(d)(3)(A) refers directly to the filing of a plan of reorganization. However, the alternative provision in § 362(d)(3)(B) provides for lifting of the stay when a debtor has not paid interest payments to the secured creditor within 90 days of the order for relief. This passage could be read to apply to Chapter 11 *or* Chapter 7 bankruptcies.

Contradicting any implications that § 362(d)(3) applies only in Chapter 11 cases is the applicability section of the bankruptcy code, 11 U.S.C. § 103(a), which states that "chapter[ ] ... 3 ... appl[ies] in a case under chapter 7, 11, 12 or 13 of this title." Thus, the plain language of § 103(a) seems to be conclusive of the question.[3]

The problem created by § 362(d)(3) in this Chapter 7 case is that the section conflicts with the trustee's ability to sell property of the estate under 11 U.S.C. § 363(b). Under that provision, the trustee in a Chapter 7 *or* a Chapter 11 case, acting in the best interest of creditors, may sell property of the estate other than in the ordinary course of business. *See Collier on Bankruptcy*, ¶ 363.02 (15th ed. rev.1997). In this case, the trustee has represented that the sale of debtor's property approved by the court is in the best interests of all creditors of the estate since the sale proceeds will result in a surplus to the estate.

in existence, and the debtor was tardy in filing an initial report of operations and monthly reports thereafter. The court found that all of these factors combined constituted "unreasonable delay that [wa]s not only wasteful of both the time and resources of the Court and the UST, but [wa]s also prejudicial to creditors." *Id.* at 681.

In *dicta* the court stated that even if it were to convert the case to Chapter 7, the circumstances of the case would warrant application of § 362(d)(3) to lift the automatic stay, following *In re LDN Corp.*, 191 B.R. 320 (Bankr.E.D.Va. 1996). *Id.* However, the court did not consider the question of whether § 362(d)(3) applies in Chapter 7 cases (as *In re LDN Corp.* was a Chapter 11 case). This court declines to consider the *dicta* in *Pensignorkay* as a definitive statement that § 362(d)(3) requires the court to grant Riggs' motion for relief from stay. There is a significant difference between the facts of *Pensignorkay* and the instant case.

Also, a creditor of the estate who filed an opposition to Riggs' motion for relief argues that all other creditors but Riggs would be irreparably harmed if Riggs' motion for relief is granted. The court agrees that the granting of Riggs' motion to lift the stay would undermine the trustee's position representing the interests of all creditors.

■ Under § 362(d)(3), the unconditional *lifting* of the stay is not mandatory. *Condor One v. Archway Apartments, Ltd. (In re Archway Apartments, Ltd.)*, 206 B.R. 463, 465 (Bankr.M.D.Tenn.1997). In *Archway*, the Chapter 11 debtor had failed to file a plan within the 90 day period by "simple, honest error" with no attempt by the debtor to deliberately delay the rights of the creditor. *Id.* The bankruptcy court felt compelled by § 362(d)(3) to grant relief to the creditor but in the form of conditioning the stay upon a drop dead date for confirmation of the plan. The court reasoned "[w]hile Congress may have enacted § 362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3)." *Id.*[4]

■ In the instant case, there is strong reason for not lifting the stay. The court has given weight to the trustee's recommendation and authorized his sale of the property pursuant to § 363(b). A reasonable time should be allowed for the trustee to complete the sale.

Therefore, the court will condition the stay to remain in effect pending a further hearing on February 4, 1998. At that time the court will consider evidence on the progress of the trustee's sale of the property and will take further action on Riggs' motion as may be

appropriate. An order has been entered to this effect.

## ORDER

Preliminary hearing was held on August 20, 1997, on Riggs Bank, N.A.'s motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) and the trustee's motion to dismiss Riggs' motion. After taking the matter under advisement and for the reasons stated in the accompanying memorandum opinion,

IT IS ORDERED that Riggs' motion for relief from the automatic stay is granted to the extent that the stay will be conditioned to remain in effect pending a status hearing on February 4, 1998.

IT IS FURTHER ORDERED that hearing be set for February 4, 1998 at 9:30 a.m. in order for the court to hear evidence on the progress of the trustee's sale of estate property as approved on July 30, 1997.

IT IS FURTHER ORDERED that the automatic stay will remain in effect conditioned on the outcome of the hearing on February 4, 1998 or pending further order of the court.

IT IS FURTHER ORDERED that the trustee's motion to dismiss Riggs' motion is denied.

---

4. *But see Collier on Bankruptcy*, ¶ 362.07[5][b] (15th ed. rev.1997). "Although technically the court may condition or modify the stay rather than terminating it, it appears that the legislative intention was to terminate the stay when the debtor neither proposes a viable plan nor makes payments to the secured party. A court should refuse to terminate the stay only when there is a strong reason for offering lesser relief." *Id.* Collier's cites to *In re LDN Corp.*, 191 B.R. 320 (Bankr.E.D.Va.1996) for the proposition that ter-

mination of the stay is mandatory where the provisions of § 362(d) are not strictly complied with by the debtor. However, *In re LDN Corp.* merely asserts that "relief" is mandatory, and § 362(d) clearly describes that the relief can be in the form of "terminating, annulling, modifying, or conditioning such stay." Therefore, this court's opinion is consistent with *In re LDN Corp.* See *In re Archway Apartments, Ltd.*, 206 B.R. at 465 n. 4.