**In re HOPE PLANTATION GROUP, LLC, Debtor.**

**C/A No. 07–01171–HB.**

United States Bankruptcy Court, D. South Carolina.

June 14, 2007.

G. William McCarthy, Jr., Columbia, SC, for Debtor.

John Timothy Stack, Joseph F. Buzhardt, III, Office of the United States Trustee, Columbia, SC, for U.S. Trustee.

**ORDER REGARDING MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(3)**

HELEN E. BURRIS, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on June 6, 2007, pursuant to the Motion of Canal Land & Timber, LLC ("Movant") for relief from the automatic

stay of 11 U.S.C. § 362(a).[1] After hearing and careful consideration, the Court enters the following order:

### FINDINGS OF FACT

1. The Debtor filed for Chapter 11 protection in this Court on March 5, 2007.

2. On May 4, 2007, the Court entered an Order with the Debtor's consent determining that this is a single asset real estate case.

3. On May 17, 2007, Movant filed its Motion for Relief from the Automatic Stay ("Motion") pursuant to 11 U.S.C. §§ 362(d)(1) and (3). The hearing was self-scheduled by Movant for June 7, 2007 pursuant to the procedures set forth in this Court's Local Rule 4001–1. On May 30, 2007, for the convenience of the parties, the Court entered a Consent Order rescheduling the hearing to June 6, 2007.

4. The Debtor filed a Plan of Reorganization and Disclosure Statement on Monday, June 4, 2007.[2]

5. At the hearing on June 6, Movant advised the Court that it would not proceed pursuant to § 362(d)(1) and withdrew that portion of its Motion. Movant therefore is proceeding pursuant to § 362(d)(3) only.

6. At the hearing the Court heard the testimony of Ronald F. LeGrand on behalf of the Debtor, and William Allen McCall on behalf of the Movant. The Court also received considerable documentary evidence and the deposition of Kenneth H. Gwynn, a Regional Project Manager for the Debtor.

7. The asset in question is a 66–acre tract of undeveloped real estate on the Intercoastal Waterway in Myrtle Beach, South Carolina. The Debtor purchased the property from Movant on February 13, 2006 and has attempted to construct condominiums and amenities associated therewith on the property.

8. The debt to the Movant is evidenced by a Promissory Note in the original amount of $12.5 million, which provides for payment in full of the Note within 75 days and grants Movant a first lien on the property. Movant presented evidence that the intent of the parties was for the Debtor to obtain alternative financing and satisfy that Note in a timely fashion; however, Debtor has never made any payment on that Promissory Note.

9. Movant commenced a foreclosure action in state court on May 25, 2006 and a Consent Order of Foreclosure and Sale against Debtor and Heritage Funding, LLC, was entered on January 27, 2007. The bankruptcy filing stayed that action.

10. The Debtor has been unable to obtain approval from local authorities of its plan to develop the property. Debtor, however, presented testimony that the current development plan has passed a "first reading" and is scheduled for a "second reading" on June 18, 2007. Mr. LeGrand testified that in his opinion based on his experience approval of the development plan by local authorities would immediately increase the value of the property significantly.

---

1. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and Local Civil Rule 83.IX.01 DSC.

2. June 3, 2007 fell on a Sunday. June 3, 2007 is both the ninetieth (90th) day after entry of the order for relief and the thirtieth (30th) day after the May 4 Order determining single asset real estate status. Movant's motion for relief concedes that this is the appropriate deadline for filing the plan pursuant to § 362(d)(3) even though it was the 91st and 31st day.

11. Mr. LeGrand testified that he has attempted to find financing to develop the property and pay creditors. He stated that an increase in the value of the property and finalization of the development plan would aid the Debtor in obtaining acceptable financing. The Debtor's plan, filed on June 4, 2007, contemplates payment of creditors via development of the property.

12. The Debtor has not commenced nor offered any payments, in the form of interest or otherwise, to Movant pre-confirmation.

## DISCUSSION AND CONCLUSIONS OF LAW

■ 11 U.S.C. § 362(d)(3) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

. . .

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within the 90–day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that—

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate . . . .

Regarding the statutory scheme of § 362(d)(3), another court recently stated:

Section 362(d)(3) gives very special deference to the mortgagee of single-asset real estate, in an express entitlement to receive payments of contractual interest from the debtor once the first 90 days of the case have passed. The only specific alternative available to the debtor-owner is to get the reorganization case pushed forward substantially by filing an arguably-confirmable plan within that first 90 days.

The legislative history for § 362(d)(3) is "meager." *In re Archway Apts., Ltd.,* 206 B.R. 463, 465 (Bankr.M.D.Tenn. 1997). However, the terse extant history and the statute's own structure suggest that Congress was concerned about the relative unfairness of lengthy delay in Chapter 11 cases involving single-asset real estate projects, *In re LDN Corp.,* 191 B.R. [320,] 326 [ (Bankr.E.D.Va.1996) ]; that one of its goals aims to expedite the proposal of meritorious plans of reorganization in such cases, *In re Kkemko, Inc.,* 181 B.R. [47,] 49 [ (Bankr.S.D.Ohio 1995) ]; and that, where the case does not early kick forward toward confirmation, a debtor must compensate its mortgagee for the time-value of the mortgagee's debt in-

vestment, by the payment of interest at the original contractual rate. *In re Heather Apts. Ltd. P'ship*, 366 B.R. 45, 49–50 (Bankr.D.Minn.2007).

In this case, it is undisputed that the Debtor is not proceeding under § 362(d)(3)(B). The Debtor did not commence the requisite monthly payments within the time set forth in that code section. The Debtor, rather, is proceeding under § 362(d)(3)(A): Debtor has filed a timely plan and at the hearing presented evidence for the Court to consider whether that plan "has a reasonable possibility of being confirmed within a reasonable time."

In the instant case, the Movant filed for relief 73 days after the case was filed, basing its request for relief in part on § 362(d)(3). After withdrawal of its alternate basis for relief under § 362(d)(1),[3] Movant is proceeding solely on § 362(d)(3). The Debtor argued to the Court that the Movant's request for relief was premature, relying on the case of *In re National/Northway Ltd. P'ship*, 279 B.R. 17 (Bankr.D.Mass.2002): "The plain language of section 362(d)(3) ... gives the Debtor a 90–day breathing space before the foregoing obligations become the basis for a motion for relief. The passage of 90 days is a predicate to relief under this section." *Id.* at 22. In *National/Northway* the court found that a motion based on § 362(d)(3) was premature when filed two months after the bankruptcy case was filed and prior to the expiration of the 90–day "breathing space." *Id.*

■ Movant argues that because the hearing on the Motion was held on the 93rd day after the case was filed, it was beyond the 90–day "breathing space" and was therefore appropriate. However, as there was no basis for the Motion pursuant to § 362(d)(3) at the time it was filed,[4] the Motion is premature. The motion is predicated only on a Code section that gives special grounds for relief **after** the passage of 90 days. The Code requires much of a single asset real estate debtor on the 90th day after the case is filed that it does not require of other debtors, and grants special rights to relief from stay to certain movants in those cases simply due to the passage of time. While the Code requires a single asset debtor to begin certain payments or **file** a plan that has a reasonable possibility of being confirmed within a reasonable period of time, it does not require the single asset debtor to contemporaneously file its plan and prove its case all on or about the 90th day. Had this Motion been filed after the expiration of that 90–day time period, the Debtor would have had, absent any *ex parte* relief warranted pursuant to Fed. R. Bankr.P. 4001, a minimum of a few more days to a maximum of a few weeks before a hearing to prepare its case, gather necessary evidence and continue its work toward reorganization. The Debtor is entitled to its "breathing period" of 90 days, even if it is only to take one last breath, or to have one more day to prepare. The Code requires much of this Debtor, but there is no basis to require more. Further, in this case in particular, the testimony indicates that the facts could indeed change significantly within a matter of days or weeks, and thus the Debtor's case opposing the requested relief may be vastly different on a proper hearing date.[5]

---

3. Debtor apparently took action to alleviate Movant's concerns resulting in withdrawal of that portion of the motion.

4. Originally the motion was also based on § 362(d)(1) as well, and a request for relief under that section is not subject to the same time constraints.

5. The testimony indicated that on June 18, 2007, the 105th day after the case was filed, a zoning event is likely to take place that could

In summary, a single asset real estate debtor clearly has to expedite its efforts and follow the requirements of the Code and Rules or face the probability of an order granting relief from the stay. However, the time limits imposed on the debtor should not be shortened by the filing of a motion before the expiration of the 90–day period which leads to a hearing immediately after that time. The debtor should, in the absence of cause for relief from stay under another provision of the code,[6] be given every day available to meet the requirements of the Code and prepare its case for hearing.

■ The Court could simply deny the motion without prejudice and require the Movant to refile the motion for Relief now that the 90 days have passed, but to do so would seem superfluous and may result in

a hearing scheduled later than a date Movant would have achieved if the Motion was filed in the correct sequence. Alternatively, the Court is clearly justified on the facts of this case in treating the June 6 hearing as a preliminary hearing pursuant to § 362(e) and setting a further, final hearing at a later date.[7] The next regularly scheduled hearing date for such motions filed under § 362, which coincidentally would have been the date available to Movant if the motion had been filed after expiration of the 90–day period, is June 25, 2007.[8] The Court notes that this date is beyond the 30–day period after the motion was filed and would therefore require an affirmative extension of the stay under § 362(e). 11 U.S.C. § 362(e) requires only that the Debtor show that it has a "reasonable likelihood" that it will prevail at the conclusion of the final hearing. On Debt-

greatly affect the evidence in this case and the possibility of confirmation. If the hearing had been held after that date, the evidence may be quite different than in the hearing held on the 93rd day.

6. Nothing in this opinion limits the rights of a creditor to pursue § 362 relief in a single asset real estate case under any other provision of that section for cause, lack of adequate protection, or any other grounds therein. This decision is limited to § 362(d)(3) only.

7. 11 U.S.C. § 362(e)(1) provides:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this section may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section

if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30–day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

8. Court calendars setting forth available self-scheduling dates are posted on the Court's web page and were so posted bearing this date throughout the times relevant to this case. Pursuant to SC LBR 4001–1(a), a movant must select a hearing date from this list and prepare a hearing notice, serving the motion at least twenty (20) days before the scheduled hearing date. As stated in the notice, parties in interest are given ten (10) days to file a written objection. Movant in this case followed this procedure in selecting a hearing date when the motion was filed on the 73rd day. If the motion had been filed on the 90th day or thereafter, the earliest published hearing date available per this process, absent exigent circumstances warranting shortened notice, would be June 25th.

or's evidence presented at the June 6 hearing, the Court finds that the Debtor has at least shown that it has a *reasonable likelihood* of showing a *reasonable possibility of confirming a plan within a reasonable period of time* which warrants the continued imposition of the stay beyond thirty days after the motion was filed [9] until a final hearing on this matter. That is not to say that the Debtor will ultimately prevail, as the terms "reasonable likelihood" and "reasonable possibility" within a "reasonable time" are rather vague and hopeful terms that require a far lower standard of proof than what will be required of the Debtor to prevail at the final hearing pursuant to § 362(d)(3), with an even higher standard required should the Debtor make it to the confirmation hearing.

 It should also be noted that even if the Court found that the timing of the motion was appropriate and that as a result of the evidence received on June 6 that the Debtor failed to file an acceptable plan warranting denial of the Motion pursuant to § 362(d)(3), the Court has discretion to fashion appropriate relief and is not necessarily required to terminate the stay outright.

> While Congress may have enacted § 362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3). The language of the statute unambiguously states that the court "**shall grant relief** from the stay provided under subsection (a) of this section, such as **by terminating, annulling, modifying, or conditioning such stay.**"

*In re Archway Apts., Ltd.*, 206 B.R. 463, 465 (Bankr.M.D.Tenn.1997) (emphasis in original). In that case, the debtor failed to file a plan within the 90–day period or otherwise comply with § 362(d)(3), but instead filed the plan late. The court found that the creditor was entitled to relief, but rather than lifting the stay, imposed a time limit on the debtor within which the plan had to be confirmed, or relief from stay would be granted outright. Therefore, had this Court found as a result of the June 6 hearing that Movant is entitled to relief, it could grant such relief in the form of a condition or modification of the stay by requiring the Debtor to demonstrate its progress towards reorganization at an impending hearing or risk outright termination or further modification.

Pursuant to the various grounds set forth above, the Court will schedule a further hearing on the Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d)(3). The automatic stay of 11 U.S.C. § 362(a) will remain in full force and effect until the conclusion of that hearing. At the hearing the Court will accept additional evidence, if any, from the parties to supplement the cases presented at the hearing held on the 93rd day and to consider the Debtor's progress towards confirmation of a plan of reorganization.

**IT IS THEREFORE ORDERED:**

That the Motion for Relief from Automatic Stay is **hereby scheduled for final hearing on June 25, 2007 at 9:30 a.m. at the J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, South Carolina, 29201,** at which time the Debtor shall present further evidence, if any, of its efforts towards confirmation of a plan within a reasonable period of time for the Court to

---

9. This finding is not necessary to continue the stay until the hearing date as the Court has found that the motion was premature.

consider in ruling on Movant's request for relief pursuant to 11 U.S.C. § 362(d)(3);

That the automatic stay of 11 U.S.C. § 362(a) shall remain in full force and effect until the conclusion of that hearing.